HANSON BRIDGETT LLP
DAVINA PUJARI, SBN 183407
dpujari@hansonbridgett.com
MEGAN OLIVER THOMPSON, SBN 256654
moliverthompson@hansonbridgett.com
GEOFFREY R. PITTMAN, SBN 253876
gpittman@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:      (415) 777-3200
Facsimile:      (415) 541-9366

Attorneys for Defendants TETRA TECH EC,
INC. and TETRA TECH, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAN FRANCISCO SHIPYARD RESIDENTS, JORGE HIDROBO; LIEN CHI; CORY GROOM; CICELY TAN; RILEY SMITH; HEATHER WATKINS; HONORIA BAXTER; JEDIDIAH BURACK; UNTRAY BROWN; ERIC S. VANDERPOOL; JOSEPH FRAGA; SHANNON R. HETRICK; MATTHEW VO; MANDA CHOI; ANIL VITTAL; JANJRI DESAI; MENG HUANG; SIYUN WANG; WILFRED YUN; KWOK YEE; KARINA YIP; BRIAN YEE; BRETT HANLON; ANTHONY BOOTH; CASEY WOO; LARA WOO; DAVID YU; JERROLD POLANSKY; and ROE PLAINTIFFS 1-1,000, | Case No. |
| | **DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(a) AND 1442(a)(1)** |
| | [Removed from San Francisco Superior Court Case No. CGC-19-578509] |
| Plaintiffs, | |
| v. | |
| TETRA TECH, INC.; TETRA TECH EC, INC.; LENNAR CORPORATION; HPS1 BLOCK 50 LLC; HPS1 BLOCK 51 LLC; HPS1 BLOCK 53; HPS1 BLOCK 54 LLC; LLC; FIVE POINT HOLDINGS, LLC.; HPS DEVELOPMENT CO., L.P.; ANDREW BOLT; BILL DOUGHERTY; EMILE HADDAD; and DOES 1-1000, Inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS:**

PLEASE TAKE NOTICE that Defendant TETRA TECH EC, INC. ("TtEC") hereby removes to this Court the state court action *San Francisco Shipyard Residents, et al. v. Tetra Tech, Inc., et al.*, San Francisco County Superior Court Case No. CGC-19-578509.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). TtEC hereby provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## I.   INTRODUCTION AND CASE OVERVIEW

1.      On August 20, 2019, Plaintiffs "San Francisco Shipyard Residents," Jorge Hidrobo, Lien Chi, Cory Groom, Cicely Tan, Riley Smith, Heather Watkins, Honoria Baxter, Jedidiah Burack, Untray Brown, Eric S. Vanderpool, Joseph Fraga, Shannon R. Hetrick, Matthew Vo, Manda Choi, Anil Vittal, Janjri Desai, Meng Huang, Siyun Wang, Wilfred Yun, Kwok Yee, Karina Yip, Brian Yee, Brett Hanlon, Anthony Booth, Casey Woo, Lara Woo, David Yu, and Jerrold Polansky ("Plaintiffs") initiated a civil action against TtEC and several other parties in the Superior Court of California for the County of San Francisco, entitled *San Francisco Shipyard Residents, et al. v. Tetra Tech, Inc., et al.*, Case No. CGC-19-578509 ("Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      The Complaint alleges that the homes that Plaintiffs purchased on Parcel A of the Hunters Point Naval Shipyard ("HPNS") in San Francisco, California have diminished in value due to the alleged continuing environmental toxicity of the HPNS property.  The Complaint also alleges generally that Plaintiffs have suffered economic and non-economic damages, including personal injuries, as a result of the alleged continuing toxicity at HPNS.  (*See, e.g.,* Compl., ¶¶ 93, 133.)  The Complaint alleges the following causes of action: (1) permanent public nuisance, (2) permanent private nuisance, (3) violations of the California Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* ("UCL") and the California False Advertising Law, California Business & Professions Code § 17500 *et seq.*, ("FAL"), (4) intentional

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

misrepresentation, (5) negligent misrepresentation, (6) negligence, (7) intentional infliction of emotional distress, (8) negligent infliction of emotional distress, and (9) strict liability for ultrahazardous activity, all in connection with the radiological remediation of HPNS and the redevelopment of HPNS for residential and retail purposes. (Compl., ¶¶ 90-146.)

3.     Based on their allegations, Plaintiffs seek declaratory relief, as well as compensatory damages, restitution damages, diminution in property value damages, punitive damages, plus interest, costs, and attorney's fees. (Compl., pp. 27-28.)

4.     TtEC was served with summons and the Complaint on August 29, 2019. A true and correct copy of Plaintiffs' proof of service is attached as Exhibit B.

## II.     VENUE AND INTRADISTRICT ASSIGNMENT

5.     Removal to the United States District Court for the Northern District of California is proper under 28 U.S.C. § 1446(a) because this is the District within which the state court action is pending.

6.     Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco or Oakland Division of the United States District Court for the Northern District of California is appropriate because a substantial part of the events or omissions which gave rise to Plaintiffs' claims are alleged to have occurred in the County of San Francisco, and a substantial part of the property that is the subject of the action is situated in the County of San Francisco.

## III.     JURISDICTION

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because: (1) TtEC is being sued for remediation work it performed at the direction of and while under contract with the Navy, thus immunizing TtEC from liability for state law claims; and (2) Plaintiffs' claims arise from alleged acts occurring on a federal enclave, HPNS, over which federal courts have exclusive jurisdiction to adjudicate claims for relief.

## IV.     GROUNDS FOR REMOVAL

8.     TtEC asserts two independent bases for removing this action to this Court. First, TtEC removes this action pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Second, TtEC removes this action pursuant to 28 U.S.C. § 1441(a) because the

-3-

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

alleged conduct giving rise to this action occurred on a federal enclave.

**A.     Federal Officer Removal**

9.      Removal is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer.  28 U.S.C. § 1442 provides for removal of civil actions against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).

10.     Federal officer removal rights under section 1442 are much broader than other removal rights, and section 1442 is to be interpreted broadly in favor of removal.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("We take from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal.").  Indeed, given the importance to the federal government of protecting federal officers and their agents, federal officers can remove even if a plaintiff could not have filed in federal court; removals under section 1442 are not subject to the well-pleaded complaint rule; and a federal officer or agency defendant can unilaterally remove a case under section 1442 without consent from other defendants in the case.  *Durham*, 445 F.3d at 1253.

11.     Removal is appropriate where, as here, a defendant demonstrates that: (1) it is a "person" within the meaning of the statute; (2) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (3) it can assert a "colorable federal defense."  *Durham*, 445 F.3d at 1251 (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) and *Mesa v. California*, 489 U.S. 121, 124–25, 131-35 (1989)).  TtEC meets all of these elements and, therefore, is entitled to remove this action.

12.     First, TtEC is a "person" under section 1442(a)(1).  It is well-settled that corporations such as TtEC are considered "persons" within the meaning of the statute.  *See Isaacson v. Dow Chemical Co.*, 517 F.3d 129 (2d Cir. 2008).

13.     Second, TtEC was "acting under" the direction of the Navy within the meaning of

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

15824609.1

section 1442(a)(1) when it contracted with the Navy and performed radiological remediation services at HPNS. For purposes of satisfying this element, "precedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007). While TtEC denies any liability for Plaintiffs' claims, there is no dispute that the Navy contracted with TtEC to remediate hazardous and radioactive waste at HPNS.[1] (*See, e.g.*, Compl., ¶¶ 42, 61-63, 73-75, 100.) Further, the Complaint makes reference to the oversight of the Navy in connection with the remediation. (*See, e.g.*, ¶¶ 42, 44, 46, 109.) Moreover, because Plaintiffs' claims against TtEC arise from the remediation services it provided while under contract with the Navy, there is a clear causal nexus between Plaintiffs' claims and TtEC's actions. The fact that TtEC's remediation work at HPNS derived from its contract with the Navy, and Plaintiffs' alleged injuries stemmed from TtEC's remediation work while under contract with the Navy, is sufficient to establish the required causal nexus. *Willingham v. Morgan*, 395 U.S. 402, 409 (1969).

14.   Third, TtEC's derivative sovereign immunity and government contractor defenses are colorable federal defenses to Plaintiffs' claims. To be colorable, the defense is not required to be "clearly sustainable," and "[t]he officer need not win his case before he can have it removed." *See Willingham*, 395 U.S. at 407.

15.   With regard to derivative sovereign immunity, TtEC has a colorable basis for asserting this defense to Plaintiffs' claims under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940) and *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Under this defense, TtEC is immune from liability for its work performed under Navy contract. *See Yearsley*, 309 U.S. at 20–21 ("if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will"); *see also Campbell-Ewald*, 136 S. Ct. at 673 n.7 (disagreeing with Court of Appeals to the extent that it described *Yearsley* as applying solely to claims arising out of property

---

[1] To the extent necessary, TtEC will provide additional briefing and evidentiary support for removal on the grounds asserted herein.

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

damages caused by public works projects).  TtEC's assertion of the derivative sovereign immunity defense will establish that TtEC's contract with the Navy was "validly conferred," and that TtEC performed the Navy contract in accordance with the Navy's instructions and directions.

16.    With regard to the government contractor defense, TtEC has a colorable basis for asserting the defense in this action under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).  The Supreme Court in *Boyle* held that state law, which would hold a government contractor liable, will be displaced when (1) the subject matter involves "uniquely federal interests;" and (2) "a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law' or the application of state law would 'frustrate specific objectives' of federal legislation . . . ."  *Id.*, 487 U.S. at 505.  This action presents an issue involving "uniquely federal interests," that is TtEC's contractual obligations to the Navy and actions taken in the course of performing the contract, and imposition of liability under state tort law for TtEC's performance of the Navy contracts would significantly conflict with that federal interest.  487 U.S. at 504-05, 507.  In addition, in further satisfaction of the requirements for establishing the government contractor defense, TtEC will demonstrate that its remediation work was approved by the Navy according to precise specifications; that TtEC's services ultimately conformed to those specifications; and that TtEC had no information that the Navy did not already have about the inherent dangers associated with radiological remediation at HPNS.  *Id.*, 487 U.S. at 511-12; *see Crawford v. Nat'l Lead Co.*, 784 F. Supp. 439, 445 n.7 (S.D. Ohio 1989) (noting "the defense is viable with regard to performance contracts.") (citations omitted).

## B.    Federal Enclave Jurisdiction

17.    The federal enclave doctrine provides a second basis for removal.  Article 1, Section 8, Clause 17 of the United States Constitution grants Congress the power to "exercise exclusive legislation in all cases whatsoever" over all places purchased with the consent of a state "for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings."  *Swords to Plowshares v. Kemp*, 423 F.Supp.2d 1031, 1034 (N.D. Cal. 2005).  Federal enclaves include military areas, such as naval shipyards like HPNS.  *Scott v. Does 1 through 100*, CV 12–06235 SJO (MANx), 2012 WL 13013026, *2 (C.D. Cal. Oct. 25, 2012); *see also Allison v. Boeing Laser*

-6-

15824609.1

1   *Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) ("These enclaves include numerous

2   military bases, federal facilities, and even some national forests and parks.") and *Celli v. Shoell*,

3   995 F.Supp. 1337, 1341 (D. Utah 1998) (taking judicial notice that air force base was federal

4   enclave).

5          18.     "[F]ederal enclaves are under the exclusive jurisdiction of the United States,

6   meaning the property and activities of individuals and corporations within that territory are also

7   under federal jurisdiction." *Swords to Plowshares*, 423 F.Supp.2d at 1034.  "As a result, actions

8   arising from events that take place in federal enclaves may be removed to the corresponding

9   federal court." *Scott*, CV 12–06235 SJO (MANx), 2012 WL 13013026, *2 (C.D. Cal. Oct. 25,

10  2012); *Durham*, 445 F.3d at 1250 ("Federal courts have federal question jurisdiction over tort

11  claims that arise on 'federal enclaves.'").

12         19.     HPNS is a federal enclave.  There is no dispute that HPNS was owned by the

13  federal government when TtEC performed remediation services under Navy contract at the

14  property; nor is there any dispute that the vast majority of HPNS remains under federal

15  government ownership today.  Beginning in approximately 1939, the HPNS was acquired by the

16  United States for use by the Navy as a shipyard.  *See, e.g.*, Cal. Stats. 2009, c. 203 § 2(c); *see also*

17  Compl., ¶¶ 39, 42, 44.  Through these acquisitions, the Navy accepted exclusive federal

18  jurisdiction over a substantial portion of the HPNS pursuant to the Constitution and California

19  law.  *See, e.g.*, U.S. Constitution, Art. I, s. 8, cl. 17; Cal. Govt. Code § 111; Cal. Stats. 1939, ch.

20  710, § 34; *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 480 (2000).  While the area of

21  HPNS known as "Parcel A" was transferred to the City of San Francisco in connection with the

22  redevelopment of the area, nearly all of the remaining land in HPNS is still owned by the United

23  States.  *See, e.g.*, Cal. Stats. 2009, c. 203 § 2(a) (noting federal ownership of Hunters Point Naval

24  Shipyard lands); s*ee also* Compl., ¶ 44 ("The City of San Francisco subsequently passed Parcel A

25  to Lennar and its partners on or about April 2005 . . .").)

26         20.     The crux of Plaintiffs' claims against TtEC is that TtEC failed to properly

27  remediate toxic and radioactive waste at HPNS while under contract with the Navy, allegedly

28  misrepresented and/or failed to disclose the continuing toxic nature of the site, and that the

-7-

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

1  allegedly toxic nature of the site continues today, purportedly impacting the value of Plaintiffs'

2  homes located on Parcel A and causing Plaintiffs' alleged injuries.  (*See, e.g.*, Compl., ¶¶ 38, 48-

3  52, 60-146.)  Accordingly, the allegedly continuing events that form the basis of Plaintiffs' claims

4  occurred on the HPNS federal enclave.  *See In re High-Tech Employee Antitrust Litig.*, 856 F.

5  Supp. 2d 1103, 1125 (N.D. Cal. 2012) ("the jurisdiction of the federal court depends upon . . . the

6  locus in which the claim arose.").

7         21.    Because the alleged conduct giving rise to Plaintiffs' claims occurred on a federal

8  enclave, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9  **V.    COMPLIANCE WITH REMOVAL PROCEDURE**

10         22.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process,

11  pleadings, and orders on file in the state court are attached hereto.  (*See* Exs. A-C.)

12         23.    TtEC's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because TtEC

13  is filing this Notice of Removal within thirty days of receipt, through service, of a copy of the

14  initial pleading setting forth the claim for relief.

15         24.    TtEC is not required to obtain the consent of any other defendants in this action in

16  order to remove this action in its entirety pursuant to the federal officer removal statute, 28 U.S.C.

17  § 1442(a)(1).  *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th

18  Cir. 1981).

19         25.    TtEC has obtained consent from the other served defendants to remove the action

20  pursuant to 28 U.S.C. § 1441(a) on the ground that the alleged conduct giving rise to this action

21  occurred on a federal enclave.  The undersigned counsel avers that all named defendants who have

22  been served as of this filing consent to removal of this action.  *See Proctor v. Vishay*

23  *Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) ("One defendant's timely removal

24  notice containing an averment of the other defendants' consent and signed by an attorney of record

25  is sufficient [for removal].").

26         26.    TtEC will promptly give all adverse parties written notice of the filing of this

27  Notice of Removal as required by 28 U.S.C. § 1446(d).  TtEC will also promptly file a copy of

28  this Notice of Removal with the Clerk of the California Superior Court for the County of San

-8-

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

1   Francisco where the action is currently pending.

2          WHEREFORE, TtEC hereby removes this action from the Superior Court of California,

3   County of San Francisco to the United States District Court for the Northern District of California.

4   DATED:  September 27, 2019                    HANSON BRIDGETT LLP

5

6                                    By:    _____*/s/ Megan Oliver Thompson*_____

7                                           DAVINA PUJARI
                                            MEGAN OLIVER THOMPSON
8                                           GEOFFREY R. PITTMAN
                                            Attorneys for Defendants TETRA TECH EC,
9                                           INC. and TETRA TECH, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

15824609.1